UNITED STATES of America,
Plaintiff–Appellee

v.

Armando CASTILLO–BUSTAMANTE,
also known as Jorge Garcia,
Defendant–Appellant.

No. 04–40623.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 15, 2005.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Miguel A. Nogueras, FEderal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and
DeMOSS and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court affirmed the judgment of conviction and sentence of Armando Castillo–Bustamante (Castillo). *United States v. Castillo–Bustamante*, 115 Fed.Appx. 734 (5th Cir.2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See de la Cruz–Gonzalez v. United States*, —— U.S. ——, 125 S.Ct. 1995, —— L.Ed.2d —— (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

Castillo argues that he is entitled to resentencing because the district court sentenced him under a mandatory application of the United States Sentencing Guidelines prohibited by *Booker*. However, he identifies "no evidence in the record

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." *United States v. Taylor,* 409 F.3d 675, 677 (5th Cir.2005). Castillo's reliance on an ambiguous remark made by the sentencing judge is misplaced. *See United States v. Creech,* 408 F.3d 264, 271 (5th Cir.2005) (court's mere expression of sympathy for the defendant is insufficient).

Thus Castillo cannot make the necessary showing of plain error that is required by our precedent. Furthermore, he correctly acknowledges that this court has rejected the argument that a *Booker* error is a structural error or that such error is presumed to be prejudicial. *See Mares,* 402 F.3d at 520–22; *see also United States v. Malveaux,* 411 F.3d 558, n. 9 (5th Cir. 2005).

Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Castillo's conviction and sentence.

AFFIRMED.